UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DONNELL JACKSON,

                                       Plaintiff,                      MEMORANDUM
                                                                        AND ORDER

  -against-                                                             15-cv-4109 (CBA)


THE CITY OF NEW YORK, et al.,

                                        Defendants.
----------------------------------------------------------------x

ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:

        Currently pending before this Court is plaintiff's motion for reconsideration of the Court's Electronic Order of July 6, 2017 ("July 6th Order"), see Letter Motion for Reconsideration (July 12, 2017) ("Pl. Mot."), Electronic Case Filing Docket Entry ("DE") #70, along with his unauthorized reply in support of that motion, see Reply in Support (July 17, 2017), DE #73. The motion is opposed by defendants. See Reply in Opposition (July 17, 2017) ("Def. Opp."), DE #72.

        The July 6th Order denied plaintiff's July 5th request for a 45-day extension of the fact discovery deadline, see Second Motion for Extension of Time (July 5, 2017), DE #69, which deadline was scheduled to expire the following day, see Electronic Order (May 2, 2017). After noting that the case had been pending for about two years and that fact discovery had closed on September 15, 2016, the Court's July 6th Order cited the fact that the discovery period had recently been reopened for an additional two months and that plaintiff's July 5th request for yet another extension had failed to explain the parties' inability to complete

discovery within the 60-day extension previously allotted.  See July 6th Order.  After recounting the entire history of the case, plaintiff's motion for reconsideration for the first time addresses the purported inadequacy of the 60-day extension that had just expired, claiming that plaintiff's counsel was "out of the country" until mid-May and "unable to schedule depositions right away."  Pl. Motion at 4.  Even if true - - and defendants counter that another attorney was covering for plaintiff's counsel in his absence, see Def. Opp. at 2 - - a motion for reconsideration is not a vehicle for presenting arguments that had not been raised with the Court on the initial motion.  See, e.g., Salveson v. JP Morgan Chase & Co., 663 F.App'x 71, 75-76 (2d Cir. 2016).

For this reason, the Court would be amply justified in denying plaintiff's motion for reconsideration in its entirety.  Nevertheless, the Court in its discretion will grant the motion in limited part, and will allow plaintiff to conduct four additional depositions, but only to the extent that those depositions were previously noticed and that those depositions will be completed by August 11, 2017.

**SO ORDERED.**

Dated: Brooklyn, New York
       July 20, 2017

/s/     *Roanne L. Mann*
**ROANNE L. MANN
CHIEF UNITED STATES MAGISTRATE JUDGE**